**GIANNI VERSACE, S.p.A., a Foreign Corporation, Plaintiff—Appellee,**

v.

**Monir M. AWADA, Defendant,**

and

**Ghacham, Inc., dba Platini Jeans Cougar & Limited Clothing, Inc., dba Casanova; et al., Defendants—Appellants.**

**Gianni Versace, S.p.A., a Foreign Corporation, Plaintiff—Appellee,**

v.

**Monir M. Awada, Defendant—Appellant.**

**Gianni Versace, S.p.A., a Foreign Corporation, Plaintiff—Appellee,**

v.

**Monir M. Awada, Defendant,**

and

**Hassan Farhat, dba El Rancho, Defendant—Appellant.**

**Nos. 03–56363, 03–56430, 03–56475.**
**D.C. No. CV–03–03254–SJO.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 30, 2004.

Decided April 15, 2004.

Felipa R. Richland, Richland & Associates, Beverly Hills, CA, for Plaintiff–Appellee.

Steven H. Haney, Bruce A. Fields, Haney, Buchanan & Patterson, Bruce Gridley, Renee J. Laurents, Burke Williams & Sorensen, LLP, Los Angeles, CA, Michael A. Lanphere, Tredway, Lumsdaine & Doyle LLP, Irvine, CA, Dennis G. Saab, Saab & Associates, Downey, CA, for Defendants–Appellants.

Before HALL, TROTT, and CALLAHAN, Circuit Judges.

### MEMORANDUM [*]

Appellants appeal from the district court's grant of a preliminary injunction that enjoined them from transferring or dissipating assets. We review the district court's decision to grant the preliminary injunction for an abuse of discretion, and we affirm. *See Walczak v. EPL Prolong, Inc.*, 198 F.3d 725, 730 (9th Cir.1999).

■ Because Gianni Versace, S.p.A. ("Versace"), accuses Appellants of trade-mark infringement, the district court had the inherent power to freeze Appellants' assets through a preliminary injunction to assure the availability of an accounting as a form of final relief. *See Reebok Int'l., Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir.1992). Before granting a preliminary injunction, however, a district court must conclude that the movant had shown the probability of success on the merits of its claims and the possibility of irreparable injury, or that the claims raised serious questions and the balance of hardships tipped sharply in favor of the movant. *See Republic of the Philippines v. Marcos*, 862 F.2d 1355, 1362 (9th Cir. 1988). Here, the court found that Versace had shown a probability of success on the merits of its trademark infringement claims and the possibility of irreparable injury from that infringement.

The record does not support Appellants' arguments that the district court based its preliminary injunction on racial or ethnic prejudice or on allegations of a conspiracy. Instead, the district court found a likelihood of success by looking at the trademark infringement claims. Appellants do not contest this finding. The finding of success on the merits, in turn, allowed the court to presume irreparable injury. *See GoTo.com, Inc. v. Walt Disney Co.*, 202 F.3d 1199, 1209 (9th Cir.2000). The district court thus did not err in granting the preliminary injunction.

■ Appellants further argue that the court lacked evidence to support piercing the corporate veil against them in their individual capacity. Piercing the corporate veil, however, was not a prerequisite to granting the preliminary injunction. Federal Rule of Civil Procedure 65(d) allows a preliminary injunction to enjoin

---

parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise. Therefore, the district court did not err in granting the preliminary injunction against the individual Appellants.

Finally, the preliminary injunction was not overbroad. The district court expressly considered the impact of an asset freeze on Appellants. Accordingly, the district court declined to freeze all of Appellants' assets. The court instead required Appellants to report and account to a special master the location and transfer of their assets. The court took other steps to minimize the impact on Appellants, such as making provisions for ordinary living and business expenses. Furthermore, the district court remains free to modify or dissolve the preliminary injunction if future developments warrant a change. *See Marcos*, 862 F.2d at 1364. For these reasons, the scope of the injunction was not overbroad.

**AFFIRMED.**

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.